IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

        Petitioner,     :    Case No. 2:24-cv-4063

  - vs -                            District Judge James L. Graham
                                          Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objection to Order Adopting Supplemental Report and Recommendations (ECF No. 34) which was filed June 24, 2025, by depositing it in the prison mail system on that date. *Id.* at PageID 2006. In this filing, Bishop asserts he filed objections to the Supplemental Report by having them scanned at the prison library at Noble Correctional Institution on June 2, 2025. Proof of that claim is made by referring to the scanner stamp signed by the librarian of the Noble Correctional Institution on that date (See PageID 2008).

The Clerk of this Court did not receive the Objections to the Supplemental Report until they arrived by United States mail on June 30, 2025 (See Filed stamp at PageID 2008). The probable reason is that the scanner at Noble Correctional is not one supplied by this Court, but one supplied by the Supreme Court of Ohio which did not transmit the document to this Court.

The relief requested in the Objection to Order Adopting is reopening of the case. Judgment

1

was entered on June 13, 2025, so the Objections to Order Adopting were filed within the twenty-eight days when any litigant may move the Court under Fed.R.Civ.P. 59(e) to reopen a judgment. In fairness to the Petitioner who could not have known the scanner at his place of incarceration would not work to deliver documents to this Court, the Court will treat the Objection to Order Adopting as a motion under Fed.R.Civ.P. 59(e) and consider the Objections to the Supplemental Report as offered in support of reopening.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

The Supplemental Report recommended dismissing the Petition as barred by the one-year

2

statute of limitations enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244. Bishop had attempted to overcome the limitations bar by claiming actual innocence and the Supplemental Report discussed at length why Bishop's actual innocence claim did not meet the standards of *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and *Schlup v. Delo*, 513 U.S. 298 (1995).

Bishop begins his Objections to the Supplemental R&R by asking this Court to review a related case *Bishop v. Cross Creek Twp. Police Dept.,* 2024-Ohio-414 (Ohio App. 7th Dist. Feb. 5, 2024), appeal denied, 173 Ohio St. 3d (2024). In that decision, the Court of Appeals affirmed dismissal of Bishop's suit against the Cross Creek Twp. Police for failure to state a claim upon which relief can be granted. Nothing in the decision supports Bishop's claim of actual innocence.

Bishop next objects that in finding he had not attached phone records on which he relies for actual innocence the Magistrate Judge looked at the wrong post-conviction petition, to wit, the petition filed February 24, 2020, instead of the petition filed October 16, 2022 (ECF No. 34-1, PageID 2010). The relevant portion of the Supplemental Report reads:

> Bishop claims no such call was ever made and offers to prove that by providing telephone records for the relevant dates, November 3-4, 2016. On February 24, 2020, he filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 15, Ex. 38). Petitioner claims (Objections, ECF No. 24, PageID 1962) that the phone records on which he relies are attached to that Petition, but they are not. There are references to "phone records" in attachments, but no actual phone records.
>
> At the same place (PageID 1962), Bishop claims the relevant records are attached to his Motion for New Trial which was filed July 18, 2022. That Motion is in the State Court Record at Ex. 118 and also has no phone records attached.

(ECF No. 31, PageID 1996). Bishop has now provided a third record reference[1] for these phone

---

[1] Despite the Court's order that litigants provide PageID citations for all record references, Bishop has not done so.

3

records, to wit, the Petition for Post-Conviction Relief filed October 18, 2022 (ECF No. 15-1, Ex. 142). There are what appear to be telephone records attached to that Petition at PageID 1184-93. They are unauthenticated but appear to have come from the Cross Creek Twp. Police Dept. This Petition for Post-Conviction Relief was denied by the Common Pleas Court on the ground that the issues that it raised had already been decided (Decision, State Court Record ECF No. 15-1, Ex. 156).

Bishop claims the phone records support his claim that State's witness Tom Brown perjured himself when he testified against Bishop and that the phone records are exculpatory and that withholding them violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). This argument elides the question whether the telephone records are new evidence of the sort required to prove actual innocence under *Schlup*. They are not. While they could possibly undermine the State's case if properly authenticated and explained, they are not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Without testimony from someone who can authenticate these records and explain what they mean – someone other than Bishop – they do not show Brown perjured himself. They also do not show actual innocence in the sense of discrediting all the rest of the State's evidence of Bishop's theft: his access to the property stolen, his sudden departure from the job site after the theft, and so forth. Bishop's pay stubs and civil suit against Brown also do not prove has actual innocence. Whatever allegations Bishop made in the civil suit are just that – allegations.

Bishop claims his actual innocence claim should be evaluated under *Piatt v. May*, 2024 U.S. Dist. Lexis 154182 (N.D. Ohio Aug. 28, 2024), and *Robinson v. Mazza,* 2023 U.S. Dist. LEXIS 243707 (E.D. Ky. May 22, 2023). While Piatt and Robinson both claimed actual innocence, both courts found they had not established that claim.

Bishop argues the phone records are "critical physical evidence" within the meaning of *Schlup*. This represents a misunderstanding of "physical evidence." The leading example of proof of actual innocence is *House v. Bell*, 547 U.S. 518 (2006). The habeas petitioner was convicted of murdering the victim because his blood was found on her clothing. In habeas the petitioner proved that the victim's clothing had been shipped to the laboratory for analysis in a box with a vial of his blood – which broke in transit. In contrast the telephone records here are documents which prove nothing without interpretation and the only interpretation we have is the self-interested affidavit of Bishop.

Bishop argues with the interpretation the jury placed on other evidence of his guilt. For example, Officer Henderson testified the victim's missing wedding ring was found in a pawn shop and the owner identified Bishop as the person who presented it for sale. Bishop argues all that shows is possession of stolen property (Objections, ECF No. 34-1, PageID 2020). In itself that is accurate, but the State also proved Bishop was in the victim's house not under observation of anyone else on the day the property was stolen. Yes, it does take an inference from those two facts to prove he took the wedding ring, but that is a completely logical inference for the jury to have drawn. The day may come when all persons in the country are under constant video surveillance and all a prosecutor will need to do is "re-wind the tape." But we're not there yet. "[D]irect evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence. *Michalic v. Cleveland Tankers, Inc.,* 364 U.S. 325, 330 (1960)(Brennan), citing *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508, n. 17(1957).

Bishop also objects to the Report's recommendation to deny him the benefit of equitable tolling of the statute of limitations (Objections, ECF No. 34-1, PageID 2023). Regarding his claim

5

to equitable tolling, the undersigned wrote:

> As a basis for equitable tolling of the more than three and one-half years, Bishop offered the COVID-19 pandemic. The Report rejected that claim as an excessive amount of time (ECF No. 23, PageID 1955). The Objections make no further argument on the COVID-19 excuse except to assert that his prison was on lockdown until September 2021 (Objections, ECF No. 24, PageID 1977). Even if that were a completely valid excuse, it would have expired in September 2021, three years before Bishop filed.

(Supplemental Report, ECF No. 31, PageID 1999). In his current Objections, Bishop abandons any reliance on the COVID-19 pandemic and instead relies on asserted prosecutorial misconduct and ineffective assistance of his trial and appellate counsel (Objections, ECF No. 34-1, PageID 2022, *et seq.*). But that is not a proper objection to the Supplemental Report because Bishop did not previously raise either prosecutorial misconduct or ineffective assistance of trial counsel or ineffective assistance of appellate counsel as grounds for equitable tolling. Objections to a Magistrate Judge's report and recommendations are limited to issues actually dealt with. An objecting litigant may not raise entirely new arguments in a set of objections. Bishop's equitable tolling argument was limited to COVID-19 related delays which were found to be without merit and he has not objected at all to that conclusion.

Bishop also argues for the first time that his Petition is timely under 28 U.S.C. § 2244(d)(1)(D) because the Common Pleas Court's denial of his second petition for post-conviction relief provided him with the factual predicate necessary for this case and he filed within one year of the Ohio Supreme Court's denial of review of that dismissal (Objections, ECF No. 34-1, PageID 2027).

Bishop has never before claimed the benefit of § 2244(d)(1)(D), so the Supplemental Report did not recommend denial of any such claim. Here again Bishop has raised a new claim in post-judgment proceedings. In the original Report, the Magistrate Judge calculated the running of

6

the statute under 28 U.S.C. § 2244(d)(1)(A)(ECF No. 23, PageID 1954, *et seq.*).  Bishop objected, but did not raised a claim under § 2244(d)(1)(D)(ECF Nos. 24, 25, and 27).  Thus his claim of late discovery of a necessary factual predicate is itself untimely.

His claim is also vague:  what factual predicate is he relying on?  His Petition does not include a claim that the denial of his successive post-conviction was unconstitutional (See Report, ECF No. 23, PageID 1951-53, repeating Grounds for Relief).  Bishop's cited authority, *Sexton v. Lyneal,* 968 F.3d 607 (6th Cir. 2020), supports the proposition that the statute runs from the date of a state court decision which is being challenged as unconstitutional in itself.  But Bishop is not challenging the constitutionality of the denial of his successive petition in itself and thus the case does not support relief here.

**Conclusion**

Bishop's Objections do not meet the requirements for relief under Fed.R.Civ.P. 59(e).  The Magistrate Judge therefore respectfully recommends that the Objections, construed as a motion to amend the judgment because they were filed post-judgment, should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 2, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #