IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

        Petitioner,      :      Case No. 2:24-cv-4063

 - vs -                             District Judge James L. Graham
                                     Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                       :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS/MEMORANDUM OPINION

This habeas corpus case under 28 U.S.C. § 2254 is before the Magistrate Judge on District Judge Graham's Recommittal Order (ECF No. 44).  It is intended to deal here with all of the open issues raised by Petitioner's various post-judgment filings.

**Objections to the Supplemental Report and Recommendations on the Merits**

Judgment was entered in this case on June 13, 2025, dismissing the case with prejudice (ECF No. 33).  In the Order to enter judgment, Judge Graham adopted the Supplemental Report and Recommendations recommending dismissal because the Court had received no objections to that R&R from Petitioner (ECF No. 32).  On June 30, 2025, the Court received and docketed what Petitioner labeled as "Objections to Order Adopting Supplemental R&R" (ECF No. 34).  Neither

the Rules Governing § 2254 Proceedings nor the Rules of Civil Procedure provide for filing "objections" to a District Judge's order to enter judgment. To allow the objections to be considered on their merits, the Magistrate Judge construed them as a motion to amend the judgment, but recommended that, thus construed, the motion to amend should be overruled (Report, ECF No. 35).

Petitioner objected to that Report (ECF No. 38), claiming that the Court had not received his Objections which were scanned by the librarian at his place of incarceration because the Clerk of this Court had given the wrong web address to the prison. *Id.* at PageID 2044-45. He represented

> Upon Mrs. Hupp return, I notified her that my objection to this court never, was received. Mrs. Hupp later notified me that this court had provided the web. Address with a missing letter from which the problem accord [sic] and that other institutions were having the same problems, in which she received an e-mail from; Jeffery Garey, stating what the problem was this court provided "Mrs. Hupp was provided with the incorrect web. Address".

*Id.* at PageID 2045. To test the veracity of this assertion, the undersigned ordered Respondent's counsel to obtain a statement under oath from Librarian Hupp of her recollection of the matter (ECF No. 39). That statement was provided under cover of Respondent's Response (ECF No. 43). In Ms. Hupp's sworn Affidavit she does not state that the Court provided an incorrect address nor does she attach a copy of the supposed email from Mr. Garey to that effect. Instead, she swears

> 8. After IP [Bishop] notified me his case was closed, I explored the circumstances and realized that the preloaded address for the U. S. District Court for the Southern District of Ohio was incorrect. I notified our local IT Department after receiving an email from Jeffrey S. Garey Case Management Supervisor-Dayton, see Exhibit D. Our local IT corrected the filing address in the scanner. I emailed Jeffrey Garey from the Court and sent a test filing to verify that the process was working. The test filing email and follow up emails are contained in Exhibit C.

Mr. Garey confirms what had been the Magistrate Judge's understanding: the scanning

2

machine at Noble Correctional was one provided by the Ohio Supreme Court and programmed by its installers with the wrong email address for this Court. As Mr. Garey's further email correspondence with Ms. Hupp confirms, the email address has been corrected and the Court has received subsequent scanned documents from Noble.

Although the mistake is not chargeable to this Court's IT department as Petitioner claimed, it is also not chargeable to the Petitioner. Therefore his Objections to the Supplemental Report are properly construed as objections rather than as a motion to amend the judgment. The Objections are discussed in the next section of this Report under the correct standard.

**Petitioner's Objections to the Supplemental Report on the Merits**

Procedurally, Bishop objects to the Supplemental Report on the grounds that Fed.R.Civ.P. 72(b)(3) requires a District Judge to review objections *de novo* before recommitting a matter to a magistrate judge (ECF No. 38, PageID 2044). The objection is without merit. Fed.R.Civ.P. 72 allows a District Judge discretion to recommit **before** conducting *de novo* review. That practice, which is common in this Court, allows a District Judge to consider all of a party's objections at one time.

Substantively, Bishop argues he has presented sufficient persuasive new evidence that he is actually innocent of the crimes of which he was convicted such as to satisfy the standard in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and thereby overcome Respondent's statute of limitations defense. The original Report analyzed the *McQuiggin* standard and found Bishop did not meet it:

> The Magistrate Judge has examined the newly-discovered evidence
> referenced in the Amended Reply. None of it constitutes evidence

3

> that satisfies the *Schlup*[1] standard. That is, none of it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. All of it is new in the sense that it was not presented at trial (i.e. it is dehors the record). However, no new eyewitness accounts are presented nor is there any exculpatory scientific or critical physical evidence. For example, Bishop presents telephone records which may or may not undercut the trial testimony of his employer, Tom Brown. There are a number of affidavits from Bishop which are hearsay. There are official records from the Bureau of Motor Vehicles. Many of these items might have been admissible evidence if offered at trial or could be evidence that the State withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). However, they are not the kind of evidence needed to prove actual innocence so as to avoid the statute of limitations bar.
>
> Because Bishop has not shown actual innocence by evidence sufficient to meet the *Schlup* standard, Respondent's statute of limitations defense is well taken and must be upheld.

(Report, ECF No. 23, PageID 1958).

Bishop objects, relying on *Piatt v. May*, 2024 WL 3965637 (N.D. Ohio 2024)(Henderson, M.J.). Instead of supporting Bishop's position, Magistrate Judge Henderson found his petition was barred by 28 U.S.C. § 2244(d), the same statute of limitations at issue here. While Judge Henderson endorses the general proposition that proof of actual innocence can overcome the statute, the opinion also reads:

> Piatt's proffered evidence merely serves to impeach the testimony of A.M. "[I]mpeachment evidence of the victim's testimony...is insufficient to establish a gateway claim of actual innocence." *Id.* (citing *Webb v. Bell*, No. 2:07-CV-12689, 2008 WL 2242616 (E.D. Mich. May 30, 2008) ("Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence.")).

2024 WL 3965637 at *8. *Piatt* supports dismissal, not overruling the limitations defense.

Bishop argues his phone records are physical evidence in the sense that they can be seen

---

[1] *Schlup v. Delo*, 513 U.S. 298, 319 (1995), followed in *McQuiggin*.

and inspected.  They are indeed physical as compared with testimonial evidence.  But they are not physical in the sense that they are probative without interpretation.  Compare *House v. Bell*, 547 U.S. 518 (2006), where petitioner was convicted because his blood was found on the victim's clothes, but exonerated when it was shown that the blood came from a vial of his blood which broke when it was shipped with the victim's clothes.

Bishop also claims his phone records are scientific evidence (ECF No. 38, PageID 2046). Not so.  The phone records are raw data uninterpreted by anyone who has shown a foundation of understanding what that data means.  Bishop tells the Court what he believes they means, but he has not been shown to have any expertise in interpreting phone records.

Bishop next relies on *Robinson v. Mazza,* 2023 U.S. Dist. LEXIS 243707(E.D. Ky. 2023). Here, as with *Piatt*, Magistrate Judge Candace Smith considered but rejected the actual innocence claim, finding that a purported recantation of trial testimony by one of petitioner's children did not meet the standard.

Bishop then "present[s] just a few of the CONSTITUTIONAL ERRORS, which I have been mentioning all through this debate with Merz."  (ECF No. 38, PageID 2047, *et seq*.)  Of course these asserted constitutional errors are only material if the Petition is not barred by the statute of limitations.   There is no Supreme Court precedent holding that even compelling constitutional claims can be considered on the merits if the Petition is time-barred.

Bishop next objects that "a conviction based wholly on circumstantial evidence cannot stand." (ECF No. 38, PageID 2052).  As authority for that proposition he cites the dissenting opinion of The Honorable Nathaniel Jones in *Vernon v. Hamby*, 767 F.2d 922 (6th Cir. 1985). While the undersigned has the greatest possible respect for the memory of Judge Jones, it is the majority opinion that controls in *Vernon* and the majority held  "This court recently has reiterated

that a conviction is not invalid merely because it is based entirely on circumstantial evidence. 767 F.2d at *2 citing *United States v. Stone*, 748 F.2d 361 (6th Cir. 1984). Moreover, the jury heard a great deal more than circumstantial evidence in this case.

Bishop next objects to the finding that he abandoned any reliance on the COVID-19 pandemic as an excuse for late filing and instead turned to claims of prosecutorial misconduct and ineffective assistance of counsel (ECF No. 38, PageID 2054). That finding was made in Report and Recommendations filed July 2, 2025, on the basis that Bishop had "not previously raise[d] either prosecutorial misconduct or ineffective assistance of trial counsel or ineffective assistance of appellate counsel as grounds for equitable tolling" (ECF No. 35, PageID 2035). Bishop objects that he did raise these claims, "all throughout my entire objection **SEE:** my objection filed, 03/31/2025, page 2 objection #1. **SEE ALSO:** my objection filed, 06/02/2025, page 16." (ECF No. 38, PageID 2054). The citations prove the point: the first claim of prosecutorial misconduct or ineffective assistance of counsel as excusing untimely filing is made in Objections to the original Report, not in any filing before the Report. It is not a valid objection to a Magistrate Judge's Report that it did not consider an argument which had not been made before the Report was filed.

Bishop next objects that the undersigned did not accept his shifting round to relying on 28 U.S.C. § 2244(d)(1)(D) —late discovery of a factual predicate as the starting date for calculating the statute of limitations (ECF No. 38, PageID 2056). He relies on an Ohio Supreme Court precedent for the proposition that *pro se* pleadings should be liberally construed and cases should be decided on the merits, not "technicalities." *Id.* citing *Sherlock v. Myers*, 2004-Ohio-5178 (Ohio App. 9th Dist. Sept. 9, 2004). Federal law recognizes the same proposition that *pro se* pleadings should be construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But reading a pleading liberally is not the same as ignoring a time

deadline. See *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A mandatory time deadline enacted by the Congress of the United States is no technicality.

**Objection to Denial of an Evidentiary Hearing**

Petitioner has also objected to the Magistrate Judge's denial of an evidentiary hearing.

The undersigned has noted that the documents presented by Bishop in support of his actual innocence claim are unauthenticated. Bishop does not dispute that finding, but claims he needs an evidentiary hearing to authenticate them. But that misses the point. Bishop submitted the documents without authentication, but the law does not allow him a "do over" to get it right. Instead, under *Cullen v. Pinholster,* 563 U.S. 170 (2011), this Court must decide whether the state courts correctly decided the case on the basis of the record before them. *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). *Pinholster* bars an evidentiary hearing to authenticate new evidence.

**Conclusion**

Having reconsidered the case in light of Bishop's multiple Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is

7

also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 31, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.