IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JAMES K. BISHOP, | : | Case No. 2:24-cv-04063 |
| Petitioner, | : | |
| - vs - | : | District Judge James L. Graham<br>Magistrate Judge Michael R. Merz |
| WARDEN, Noble Correctional Institution, | : | |
| | : | |
| Respondent. | | |

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This habeas case is brought under 28 U.S.C. § 2254 by petitioner James K. Bishop, who in 2018 was convicted in state court of theft, receiving stolen property, burglary, and safe cracking. The matter is before the Court on petitioner's objections to the July 31, 2025 Supplemental Report and Recommendations of United States Magistrate Judge Michael R. Merz (ECF No. 45), to whom this case was referred pursuant to 28 U.S.C. § 636(b).

I.

The Magistrate Judge previously recommended, in his March 20, 2025 Report and Recommendations and May 19, 2025 Supplemental Report and Recommendations (ECF Nos. 23, 31), that the habeas petition be dismissed as barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Magistrate Judge determined that under the statute of limitations petitioner was required to file his petition by January 27, 2021. Petitioner did not file for federal habeas relief until October 8, 2024. The Magistrate Judge further determined that petitioner failed to present any grounds to excuse his late filing. As to petitioner's claim of actual innocence, the

1

Magistrate Judge found that petitioner had failed to produce evidence which satisfied the requirement of new evidence which actually exonerated him (as opposed to evidence which merely undermined the State's case). *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Hubbard v. Rewerts*, 98 F.4th 736, 741 (6th Cir. 2024). As to petitioner's claim of equitable tolling, the Magistrate Judge found that the COVID-19 pandemic (for which there was an alleged prison lockdown extending until September 2021) did not justify tolling the limitation period until October 2024.

Having not received any objections to the May 19, 2025 Supplemental Report and Recommendations, the Court adopted it on June 13, 2025 and dismissed the petition (ECF No. 32). However, on June 30, 2025 the Court received a filing from petitioner in which he objected to the Court's June 13, 2025 Order and to the May 19, 2025 Supplemental Report and Recommendations.

In his July 2, 2025 Report and Recommendations (ECF No. 35), the Magistrate Judge recommended that petitioner's filing be treated as a motion to amend the judgment under Rule 59(e), Fed. R. Civ. P. The Magistrate Judge found that petitioner had failed to satisfy the standard under Rule 59 of showing a clear error of law, newly-discovered evidence, an intervening change in the law, or a need to prevent manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009).

Petitioner filed objections to the July 2, 2025 Report and Recommendations, and the matter was recommitted to the Magistrate Judge. An important issue was petitioner's claim that he had attempted, on June 2, 2025, to timely mail objections to the May 19, 2025 Supplemental Report and Recommendations.

In the now-at-issue July 31, 2025 Supplemental Report and Recommendations, the Magistrate Judge determined that petitioner had in fact attempted on June 2, 2025 to submit objections which, through no fault of his own, were not received by the Court until June 30. The

2

Magistrate Judge thus recommended construing petitioner's June 30 filing as objections rather than as a motion to amend the judgment.

The Magistrate Judge then turned to petitioner's various objections. Petitioner argued that he had presented new evidence of his actual innocence, pointing to telephone records (discussed below) which the Magistrate Judge had addressed in prior reports and recommendations. The Magistrate Judge continued to find that the phone records failed to satisfy the standard for evidence of actual innocence. The Magistrate Judge also found that new claims which petitioner raised in support of a delayed start to the running of the statute of limitations and in support of equitable tolling should be rejected because he had not timely raised them prior to his latest round of objections. Lastly, the Magistrate Judge denied petitioner's motion for an evidentiary hearing regarding the phone records. The July 31, 2025 Supplemental Report and Recommendations again recommended that the habeas petition be dismissed as barred by the statute of limitations.

## II.

Petitioner makes several objections to the July 31, 2025 Supplemental Report and Recommendations, which the Court reviews *de novo*. 28 U.S.C. § 636(b).

**Objection No. 1**

First, petitioner claims that the Magistrate Judge overstepped his authority by considering petitioner's June 30, 2025 objections. Petitioner believes that under Rule 72(b)(3), Fed. R. Civ. P., the district judge should be the only one considering his objections. The Court rejects this objection because Rule 72(b)(3) plainly allows the district judge to "return the matter to the magistrate judge with instructions." The Court did precisely that in its recommittal order of July 29, 2025 (ECF No. 44). The Magistrate Judge acted within his authority in issuing the

Supplemental Report and Recommendations. Petitioner retained the right to object to the Supplemental Report and Recommendations, and the Court is now considering those objections.

**Objection Nos. 2 and 3**

Next, petitioner makes two objections concerning the phone records. Some context is in order. Petitioner was found guilty of stealing jewelry from a home. Petitioner worked for a company which the homeowner had contracted with to perform work on her garage. At trial, the State presented the testimony of Tom Brown, petitioner's boss, who testified to a phone conversation he had with petitioner – after the burglary had occurred – in which Brown accused petitioner of the theft and said the value of the stolen jewelry was $17,000. Petitioner allegedly disputed the amount, which Brown said he took as a confession that petitioner had stolen the jewelry.

Petitioner argues that the phone conversation never happened and says that phone records would prove it. The Magistrate Judge found that the phone records failed to constitute evidence of actual innocence because: (1) even accepting petitioner's assertion as true, it would at most undermine the State's case; it did not demonstrate factually that he had not committed the crime; (2) the standard of *Schlup* requires exculpatory scientific or physical evidence and unauthenticated phone records are neither type of evidence.

Petitioner's second and third objections address only the *Schlup* standard. This is not sufficient to prevail, as the Court agrees with the Magistrate Judge's first finding that the phone records, even if they proved the phone conversation between petitioner and Brown never occurred, would merely undermine the State's case and not prove petitioner's actual innocence. As the Magistrate Judge explained:

> But even if we assume for the sake of argument that the call did not happen and assume further that this completely discredited Brown's testimony, the remaining evidence would be sufficient to permit a reasonable juror to find Bishop guilty. The

4

> videos and copied driver's license showing Bishop pawned some of the missing items would still be of record and sufficient to allow a jury to conclude beyond a reasonable doubt that Bishop was guilty. And the jury would still have heard the uncontradicted evidence about Bishop's suspicious entries into the victim's house on the day the jewelry went missing and that he apparently absconded from the job by not showing up the next day.

Doc. 31 at PAGEID 1996–97.

The Court finds that even if the phone records could be authenticated, somehow could be considered as scientific evidence, and in fact showed that the conversation at issue never occurred, they would still fail to show that petitioner did not commit the crime. The phone records, for example, would not place petitioner in a location different from the victim's house on the day and time when the burglary occurred. The conversation occurred on a later day. And the records would not negate the evidence showing petitioner pawning some of the stolen items, the evidence proving he entered the victim's house without permission on the day the jewelry went missing, or the evidence that he absconded from the job.

Petitioner's objections are thus overruled.

**<u>Objection No. 4</u>**

Petitioner's next objection relates to the determination of when the one-year statute of limitations began to run. In his June 30, 2025 objections, petitioner claimed for the first time the benefit of 28 U.S.C. § 2244(d)(1)(D). This represented a switch from § 2244(d)(1)(A), which had previously been relied on in calculating the start of the limitation period. Section 2254(d)(1) provides that the limitation period will begin to run on the latest of four possible dates, two of which are relevant here. Under subpart (A), it runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under subpart (D), it runs from "the date on which the factual predicate

5

of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The Magistrate Judge found that petitioner's argument for applying subpart (D) should be rejected because it had not been previously raised. He also found that it should be rejected because petitioner did not identify the factual predicate on which he was now relying.

The Court agrees with the Magistrate Judge on both fronts. Petitioner's objection fails to provide any reason why he did not argue for the application of subpart (D) earlier. Absent a compelling reason, an issue or claim raised for the first time in objections to a report and recommendation is deemed waived. *See H.H. Franchising Sys., Inc. v. Missionera LLC*, No. 1:24-CV-160, 2025 WL 925843, at *2 (S.D. Ohio Mar. 27, 2025) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Moreover, even if subpart (D) were considered, petitioner's attempt to identify the factual predicate is nonsensical. He argues that he kept filing appeals in state court and the "fact" of his filing more appeals pushed back the start of the running of the statute of limitations. Petitioner has not pointed to any newly-discovered fact on which he can base a claim for habeas relief. Instead, he in essence is trying to circumvent subpart (A). The appeals which he has filed do not represent the direct review of the judgment of conviction in state court – direct review was concluded in 2020, as the Magistrate Judge previously explained. *See* ECF No. 23 at PAGEID 1954. Instead, petitioner filed 18 various motions in the state trial court. All of the motions in some way continued to attack his conviction, and the trial court denied each of them as raising issues which had already been decided. On consolidated appeals, the court of appeals affirmed, finding that the claims were barred by res judicata and the appeals were meritless. *See State v. Bishop*, Case Nos. 23 JE 0015, 23 JE 0016 (Ohio Ct. App., 7th Dist., June 4, 2024). This Court rejects petitioner's

6

argument that his continued attempts to file meritless appeals in state court constitutes a "factual predicate" for purposes of calculating the statute of limitation under subpart (D).

**Objection No. 5**

The next objection concerns equitable tolling.  In his June 30, 2025 objections, petitioner abandoned reliance on the COVID-19 pandemic as the basis for equitable tolling and for the first time argued that alleged prosecutorial misconduct and ineffective assistance of counsel were grounds for tolling.  The Magistrate Judge found that this objection should be rejected because petitioner had not previously raised these claims.

In his current objections, petitioner makes arguments which are beside the point.  He contends that prosecutorial misconduct occurred because the prosecutor withheld the phone records with Tom Brown from production.  And he argues that the Court should consider the phone records to be self-authenticating.  However, petitioner wholly fails to provide a compelling reason for why he waited to raise the issue as a basis for equitable tolling for the first time in his objections.  The issue is thus waived.

**Objection No. 6**

Finally, petitioner objects to the Magistrate Judge's denial of petitioner's motion for an evidentiary hearing at which he has the opportunity to authenticate the phone records.  The Magistrate Judge found that this request must be denied because a federal court cannot admit new evidence which was not on the record in the state court proceedings.  *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011); *Upshaw v. Stephenson*, 97 F.4th 365, 372 (6th Cir.) ("*Pinholster* thus bars a federal court 'from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis.'") (quoting *Mitchell v. Genovese*, 974 F.3d 638, 646 (6th Cir. 2020)).

7

In his objection, petitioner insists that he should have a hearing but he fails to address the bar imposed by *Pinholster*.  The Court agrees with the Magistrate Judge that an evidentiary hearing cannot be held in federal court to submit new evidence for the purpose of evaluating the reasonableness of the state court's constitutional analysis.

## III.

Accordingly, the Court hereby adopts the Magistrate Judge's July 31, 2025 Supplemental Report and Recommendations (ECF No. 45).  Petitioner's objections (ECF No. 49) are overruled and the petition is dismissed as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, petitioner is denied a certificate of appealability, and the Court hereby certifies to the United States Court of Appeals that an appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


DATE: October 9, 2025                                *s/ James L. Graham*
                                                     James L. Graham
                                                     United States District Judge